DEL TONDO & THOMAS
Attorneys at Law
BRYAN M. THOMAS, ESQ. SBN 143737
Email: bthomas@lawyer.com
2201 Dupont Drive, Suite 820
Irvine, CA 92612
Tel: (949) 851-0558     Fax: (949) 266-9621

KIRK & TOBERTY, LLP
Attorneys at Law
J. DOUGLAS KIRK, ESQ.  SBN 125808
Email: jdkirk@kirkandtoberty.com
2201 Dupont Drive, Suite 820
Irvine, California 92612
Tel: (949) 851-0355     Fax: (949) 851-1250

TIMOTHY L. JOENS AND ASSOCIATES
A Professional Corporation
TIMOTHY L. JOENS, ESQ. SBN 090532
Email: tljsaj7@aol.com
2201 Dupont Drive, Suite 820
Irvine, California 92612
Tel: (949) 851-0866     Fax: (949) 851-1250

Attorneys for Plaintiff, DAVID SHABAZ

[Additional Counsel Listed on Last Page]

# UNITED STATES DISTRICT COURT FOR

# THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DAVID SHABAZ,<br><br>           Plaintiff,<br><br>      v.<br><br>POLO RALPH LAUREN<br>CORPORATION, a Delaware<br>Corporation d/b/a DELAWARE<br>POLO RALPH LAUREN<br>CORPORATION; and DOES 1<br>through 500, inclusive,<br><br>           Defendants. | **CASE NO.: SACV 07-1349-AG (ANx)**<br><br>**CLASS ACTION**<br><br><br>**STIPULATED PROTECTIVE ORDER** |

        To facilitate discovery and protect, pursuant to Federal Rule of Civil

Procedure 26(c), the confidentiality of and rights to information and documents

1  disclosed in connection with this litigation, plaintiff David Shabaz and defendant

2  Polo Ralph Lauren Corp. ("Polo") stipulate to the terms, and the Court hereby

3  orders, as follows:

4        1)     Any information or materials, including, without limitation:  (a)

5  documents, exhibits, answers to interrogatories, responses to requests for

6  admissions, deposition testimony and transcriptions (including exhibits), and all

7  written, recorded, graphic or electronically-stored matters (and all identical and non-

8  identical copies thereof); (b) any copies, notes, abstracts or summaries of such

9  information, and the information itself; and (c) any pleading, affidavit, declaration,

10  brief, motion, transcript or other writing containing such information ((a), (b) and

11  (c) collectively, "Litigation Materials") may be designated as "Confidential" or

12  "Highly Confidential" under this Order.

13        a)     Litigation Materials that contain or comprise non-public information

14                 may be designated as "Confidential" in the manner described below.

15                 Litigation Materials that contain or comprise trade secrets; other

16                 confidential research, development, or commercial information; those

17                 portions of non-public contracts that contain information of a

18                 proprietary nature; business or marketing plans, strategies, or policies;

19                 competitively sensitive research, analysis or development information;

20                 product design information; source code, object code, or any other

21                 executable or compilable code; that has not been released commercially

22                 in the form in which it is produced; information concerning the

23                 structure and operation of internal information or computer systems;

24                 and/or non-public financial data and/or information that is of like

25                 proprietary nature may be designated "Highly Confidential" in the

26                 manner described below.

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

b)  The documents that Defendant presently anticipates will be required to be designated as "Confidential" or "Highly Confidential" include the following:

i)  **Trade Secret Documents**, including Website design and development documents, that are not publicly available and from which Polo derives some type of economic benefit because the documents or information are not generally known, and reasonable steps are taken to ensure the material's confidentiality, and those portions of the correspondence and memoranda relating to them that contain such information.

ii)  **Confidential Research Information**, including Quarterly Business Review Documents, Data Analysis, and eRaid Reports, Sales information in greater detail than revealed publicly, and Commercial Reports, and those portions of the correspondence and memoranda relating to them that contain such information.

iii)  **Confidential Development and Commercial (Business) Information**, including Internal pricing issues and policies, Aggregated consumer price lists, reports on sales, pricing and economic trends, Status Reports, and those categories of information that have been redacted in various filings with the Securities and Exchange Commission ("SEC"), and those portions of the correspondence and memoranda relating to them that contain such information.

iv)  **Personally Identifiable Information**, including customer names, addresses, telephone numbers, credit card

3

1  numbers, e-mail addresses, or other personally identifiable
2  customer information, and those portions of the
3  correspondence and memoranda relating to them that
4  contain such information (hereinafter "Personally
5  Identifiable Information").

6  v)  **Third Party Information That the Parties Are Under**
7  **an Obligation to Maintain As Confidential**, including
8  confidential contracts and communications with vendors,
9  suppliers, customers, credit card processors, credit card
10  issuers, and those portions of the correspondence and
11  memoranda relating to them that contain such information;
12  and the information transmitted to the defendant by
13  customers other than the Personally Identifiable
14  Information referenced above.

15  2)  All Litigation Materials designated "Confidential" or "Highly
16  Confidential" provided in discovery in connection with the above-captioned action
17  (the "Action"), and the contents thereof, shall only be used or disclosed as provided
18  for in this Order, and shall not be made public by any receiving person or be used
19  for any purpose other than the preparation and trial of this Action.

20  3)  Any party (as used in this Order, and unless otherwise specified,
21  "party" shall mean the named plaintiff and the named defendant in this litigation) or
22  nonparty may designate Litigation Materials, or portions thereof, which are
23  considered confidential or highly confidential by marking them "Confidential" or
24  "Highly Confidential" respectively, on each and every page of the document, or in
25  the case of any documents, information or data produced in electronic form, on the
26  physical media itself or on any container holding the media.

27
28

[PROPOSED] STIPULATED PROTECTIVE ORDER

4)     Nothing in this Order shall constitute a waiver by the parties of their right to move for an Order from the Court requiring the use or disclosure of Personally Identifiable Information.

5)     Polo will not produce any Personally Identifiable Information absent entry of a Court order.  Polo agrees not to oppose any motion by plaintiff for an Order from the Court allowing the disclosure of such information at the appropriate time.  In the event that the Court issues an order requiring that Polo disclose any Personally Identifiable Information, plaintiff's counsel shall view this information at a secure facility in California, at a location to be determined by counsel, and on an "attorneys' eyes only" basis.

6)     The failure to designate Litigation Material as "Confidential" or "Highly Confidential" within thirty (30) days after production or after the receipt of a deposition transcript containing information so designated shall not waive a party's or nonparty's right to later so designate such Litigation Materials.  If Litigation Materials claimed to be "Confidential" or "Highly Confidential" are produced without that designation, such Litigation Materials and all copies thereof shall be returned to the designating person for such designation within five business days of any written notice requesting their return and provision of replacement copies of the documents bearing the corrected designations, or immediately stamped "Confidential" or "Highly Confidential" as requested by the designating person. The receiving party may challenge the designation of the documents as provided in this Order, but the inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be "Confidential" or "Highly Confidential" without that designation shall not constitute a waiver of confidentiality.

7)     For deposition testimony, counsel may invoke the provisions of this Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Highly Confidential," or by designating the deposition transcript or portions thereof as "Confidential" or "Highly

5

1    Confidential" within thirty (30) days after that counsel has received the deposition
2    transcript.  Unless otherwise ordered by the Court, no person shall be present during
3    any portion of any deposition designated as "Confidential" or "Highly Confidential"
4    unless that person is an authorized recipient of Litigation Materials containing such
5    confidential information under the terms of this Order.  If a designation is made
6    during the deposition, then the court reporter shall separately bind that portion of the
7    deposition to bear an appropriate legend concerning the degree of Confidentiality.
8    If designations are made after the deposition, then copies of deposition pages shall
9    be provided by the designating party which identify the page and line numbers being
10   so designated and the degree of confidentiality.

11        8)     Before use or disclosure of any Litigation Material designated
12   "Confidential" or "Highly Confidential" in a hearing or other courtroom proceeding,
13   the party or nonparty who seeks to use or disclose the material shall provide
14   reasonable notice to the designating person, to give the designating person an
15   opportunity to request that the Court clear the courtroom, and if the request is
16   refused, then the designating party shall request the opportunity for a brief stay to
17   address the matter with the Court.  This provision, however, shall not foreclose or
18   otherwise limit the opponent's ability to present the material, information, or
19   testimony.

20        9)     Any objection to a designation shall be in writing, sent to the
21   designating party, and shall state the reasons for the objection and the purpose for
22   which the objecting party intends to use the Litigation Materials in question.  The
23   parties involved shall attempt to negotiate an informal resolution of the dispute in
24   compliance with Local Rules 7-3 and 37-1 to 37-2 as appropriate.  If attempts at an
25   informal resolution of any such dispute prove unsuccessful, the party objecting to
26   the designation may file with the Court a regularly noticed motion, in full
27   compliance with the procedures set forth in Local Rule 37, to remove the
28   "Confidential" or "Highly Confidential" designation of that Litigation Material in

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  accordance with the Local Rules.  Any Litigation Material the designation of which

2  is subject to such dispute shall remain so designated and shall be treated in

3  accordance with such designation pending further order of the Court.  The party

4  asserting the confidentiality of any such Litigation Material shall bear the burden of

5  establishing that the Litigation Material is entitled to the designation.  Failure to

6  challenge the designation shall not be construed as an admission that the Litigation

7  Material was properly designated "Confidential" or "Highly Confidential."

8      10)    If any Litigation Material designated "Confidential" or "Highly

9  Confidential" pursuant to this Order is used during the course of a deposition, the

10  portion of the deposition record reflecting such "Confidential" or "Highly

11  Confidential" information shall be sealed and stamped as "Confidential" or "Highly

12  Confidential," respectively, and access thereto shall be limited pursuant to the terms

13  of this Order.  If a designation is made at the deposition, the court reporter shall

14  separately bind the Confidential or Highly Confidential portions of the deposition to

15  facilitate access and use of the deposition.  If a designation is made after the

16  completion of the deposition transcript, the designation shall include a copy of the

17  page(s) of the deposition so designated with markings to indicate the extent (*i.e.*,

18  page and line numbers) and nature (Confidential or Highly Confidential) of the

19  designation.

20      11)    The following procedures shall govern the filing of "Confidential" or

21  "Highly Confidential" materials with the Court:

22          a)    A party who lodges or files any paper, pleading, exhibit, or other

23              document containing "Confidential" or "Highly Confidential"

24              materials shall, pursuant to Local Rule 79-5.1, present an

25              application to file the document under seal, and shall state on the

26              first page of the document containing such "Confidential" or

27              "Highly Confidential" materials that the document contains

28              "Confidential" or "Highly Confidential" materials and is

submitted with an application that the confidential portions of the document be filed under seal.  Good cause for filing under seal must be shown in the application.  Any document that is filed in opposition or reply to any such sealed document and discusses, describes, or quotes any portion of the contents of the sealed document shall itself be filed with an application that the confidential portions of the document be filed under seal.  All documents filed in connection with any motion or proceeding related to compliance with, performance under, or construction or violation of this Protective Order shall be filed with an application that the document be filed under seal.  However, documents that do not contain Litigation Materials protected by the Protective Order shall not be filed under seal.  Motions made at trial while the parties are physically present upon the making of the motion and able to designate matters contained in those motions as Confidential or Highly Confidential, need not be initially filed under seal, however this provision shall be without prejudice to the parties' ability to designate matter contained in those motions as Confidential or Highly Confidential, as appropriate.  Where a party intends to use Litigation Materials designated as "Confidential" or "Highly Confidential" in support of a dispositive motion and objects to the designation of the materials as such, those Litigation Materials shall be identified in the Local Rule 7-3 Conference so that the parties can either reach a stipulation concerning their handling on the motion or obtain a determination from the Court, on an *ex parte* basis or otherwise, concerning the sealing of the documents prior to the filing of the dispositive motion.

8

b)    A party who lodges or files any document containing "Confidential" or "Highly Confidential" materials shall submit it to the Court in a sealed envelope that bears the caption of this case and the following legend:

**CONFIDENTIAL—FILED SUBJECT TO COURT ORDER.  THE PAPERS IDENTIFIED ABOVE AND CONTAINED IN THIS ENVELOPE HAVE BEEN DESIGNATED AS CONFIDENTIAL, ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT, AND MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT OR PURSUANT TO COURT ORDER.**

Pursuant to the Court's General Civil Filing Information, the document being filed under seal must also be accompanied by a copy of the Protective Order, or, under the case number of the title page, type "Filed Under Seal Pursuant To Protective Order Dated _____."

12)    Whenever any person who has any legal or practical interest (other than that of simply being a party in this litigation) in any Litigation Material produced or disclosed by any other party or nonparty believes in good faith that such Litigation Material contains "Confidential" or "Highly Confidential" material, such person may designate such Litigation Material as "Confidential" or "Highly Confidential," even if the Litigation Material has not been so designated by the person producing or disclosing the Litigation Material.

13)    Litigation Materials designated or treated as "Confidential," copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution or defense of this litigation):

a)    the Court;

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

b) court reporters who record depositions or other testimony in this action;

c) outside and in-house counsel for the parties who are actively involved in the prosecution or defense of this litigation, and their paralegal, secretarial and clerical assistants;

d) any named plaintiff, and any corporate party's employees who are actively assisting counsel in the defense of this action;

e) third-party consultants and independent experts;

f) after signing an acknowledgment in the form of Exhibit "B" or with the permission of the trial judge, witnesses at trial or in preparation for trial, or at a deposition in this litigation or in preparation for such a deposition, and the counsel representing the witness in connection with trial or such a deposition;

g) after signing an acknowledgment in the form of Exhibit "B" or with the permission of the trial judge, a putative class member represented by any of the undersigned attorneys;

h) any individual expressly named in the particular Litigation Material as having authored, received, or having knowledge of the information contained in that Litigation Material, and such persons as actually received such material;

i) independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or other information, or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system; and

j) any other person upon the written agreement of the party or nonparty that designated the Litigation Material as

[PROPOSED] STIPULATED PROTECTIVE ORDER

1      "Confidential" (which agreement may be recorded in a

2      deposition or other transcript), or pursuant to court order after a

3      regularly-noticed motion.

4      14)    Litigation Materials designated or treated as "Highly Confidential,"

5  copies or extracts therefrom and the information contained therein, may be

6  disclosed, given, shown, made available, or communicated to only the following

7  (and then only for purposes of the prosecution or defense of this Action):

8          a)    the Court;

9          b)    court reporters who record depositions or other testimony in this

10               action;

11         c)    outside and in-house counsel for the parties who are actively

12               involved in the prosecution or defense of this litigation, and their

13               paralegal, secretarial and clerical assistants;

14         d)    third-party consultants and independent experts, provided that (1)

15               such consultant or expert executes an agreement in the form

16               attached hereto as Exhibit A concerning employment of such

17               consultant or expert by competitors of defendant Polo; or (2) the

18               identity and background of such consultant or expert is first

19               supplied in writing to the designating person, who shall have

20               twenty (20) days from receipt of such information to file a

21               motion, filed in compliance with Local Rule 37, challenging the

22               provision of "Highly Confidential" Litigation Material to that

23               consultant or expert, and no "Highly Confidential" Litigation

24               Material shall be provided to any such consultant or expert until

25               the twenty (20) day period has elapsed or any timely motion has

26               been decided, whichever is later;

27         e)    any individual expressly named in the particular Litigation

28               Material as having authored, received, or having knowledge of

11

[PROPOSED] STIPULATED PROTECTIVE ORDER

the information contained in that Litigation Material, and such persons as actually received such material;

f) after signing an acknowledgment in the form of Exhibit "B", any named plaintiff with the exception that as to Personally Identifiable Information, only that named plaintiff's information may be disclosed to that named plaintiff;

g) After signing an acknowledgment in the form of Exhibit "B", witnesses at trial or in preparation for trial, or at a deposition in this litigation or in preparation for such a deposition, and the counsel representing the witness in connection with trial or such a deposition; provided that the identity of such witness and the "Highly Confidential" Litigation Materials must first be supplied in writing to the designating person within a reasonable time before such disclosure, to allow the designating person an opportunity to challenge the disclosure;

h) independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or other information, or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system; and

i) any other person upon the written agreement of the party or nonparty that designated the Litigation Material as "Highly Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after regularly-noticed motion.

15) Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on

1   examination of "Confidential" or "Highly Confidential" Litigation Materials;

2   provided, that in rendering such advice and otherwise communicating with such

3   client, counsel shall not make any disclosure of the substance of Litigation Material

4   so designated except as otherwise allowed in this Order.

5        16)    Nothing in this Order shall impose any restrictions on the use or

6   disclosure by a party of Litigation Materials designated "Confidential" or "Highly

7   Confidential" by that party, as the party deems appropriate.

8        17)    Nothing in this Order shall constitute a waiver by Polo of, and Polo

9   expressly reserves all of its rights regarding, any of its arguments for a motion for a

10  stay of discovery pending disposition of the motion to dismiss, bifurcation of the

11  class action and merits discovery, or any arguments contained in its pending motion

12  to dismiss.  This Order does not purport to set out the full extent of such arguments

13  or rights.  Nor does the agreement to enter into this Order in any way constitute a

14  waiver of Polo's rights to seek any remedy under the Federal Rules of Civil

15  Procedure of the Local Rules of the United States District Court for the Central

16  District of California.

17       18)    If, at any time, any Litigation Material in the possession, custody or

18  control of any person other than the person who originally produced such Litigation

19  Material is subpoenaed or requested by any court, administrative agency, legislative

20  body or other person or entity, the person to whom the subpoena or request is

21  directed shall immediately provide written notice to each person who originally

22  produced such Litigation Material or designated it "Confidential" or "Highly

23  Confidential," and the person to whom the subpoena or request is directed shall not

24  take an adverse position to such person(s) opposing the subpoena or request for such

25  Litigation Material.

26       19)    Each person (except the persons described in paragraphs 12(a)-(d), (h)

27  and 13(a)-(c), (h) of this Order) permitted to have access to any Litigation Material

28  designated or treated as "Confidential" or "Highly Confidential" pursuant to the

13
[PROPOSED] STIPULATED PROTECTIVE ORDER

terms of this Order shall, prior to being afforded access to such Litigation Material, be shown this Order and sign an agreement in the form attached hereto as "Exhibit B," or, for those persons described in paragraph 13(d), an agreement in the form attached hereto as "Exhibit A." A file shall be kept and maintained by the attorneys of record for each party of all such written agreements signed by persons to whom the party has disclosed Litigation Materials.

20)     In the event that Litigation Materials designated or treated as "Confidential" or "Highly Confidential" are disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to counsel of record for the designating person and to counsel of record for the producing person (if different), and shall describe the circumstances surrounding the unauthorized disclosure.

21)     The parties adopt the provisions of Proposed Rule of Evidence 502(b) for the purposes of this case, which provide as follows:

"(b)   Inadvertent disclosure. — When made in a federal proceeding or to a federal office or agency, the disclosure [of a communication or information covered by the attorney-client privilege or work-product protection] does not operate as a waiver in a federal or state proceeding if:

"(1)   the disclosure is inadvertent;

"(2)   the holder of the privilege or protection took reasonable steps to prevent disclosure; and

"(3)   the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B)."

a)     If any person produces in discovery any information subject to attorney-client privilege, work product immunity, joint-defense privilege, common interest privilege, and/or any other privilege,

protection, or immunity, the producing person may (promptly upon learning of such production) notify the receiving party or parties of such production.  Upon such notification: the receiving party or parties shall promptly return to the producing person all such information (including, without limitation, any documents containing or comprising such information); the information (including, without limitation, any documents containing or comprising such information) shall continue to be privileged, protected, and/or immune; and no use shall be made of such information (including, without limitation, any documents containing or comprising such information) by the receiving party or parties, nor shall it be disclosed to anyone further by the receiving party or parties pending the resolution of a motion under Rule 502(b) or otherwise, if the parties cannot agree that the matter is privileged or otherwise protected.  Upon agreement or order, the receiving party or parties shall promptly provide to the producing person a written certification of the complete return of such information (including, without limitation, any documents containing or comprising such information); provided that, to the extent any receiving party has incorporated any such information in its own work product, it may (instead of providing such work product to the producing person) destroy such information incorporated in that work product and promptly certify that such destruction has occurred after agreement is reached confirming that the materials are privileged, or a court so rules.

[PROPOSED] STIPULATED PROTECTIVE ORDER

b)      The producing person shall list on a privilege log any document governed by this paragraph promptly after that document has been returned to the producing person by any receiving party.

c)      Nothing in this paragraph shall affect any position that any information governed by this paragraph is not subject to any privilege, protection or immunity because of factors other than its production in discovery in this Action, but the possibility or assertion of any such position shall not relieve any party of its obligations under this paragraph, unless the Court rules otherwise upon motion of any party hereto.

22)     Any document depository created in this Action shall be treated as a receiving party of Litigation Materials for purposes of this Order.

23)     Within 90 days after the termination of this Action (by settlement, or judgment and exhaustion of appeals), the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Litigation Materials that have been designated as Confidential or Highly Confidential shall be returned to the person who produced such Litigation Materials (with the resulting shipping expense to be paid by the producing person), with the exception of any Confidential or Highly Confidential Litigation Materials stored on a computer, which must be "scrubbed," or otherwise eliminated, within the same 90 day period. Any party that "scrubs," or otherwise eliminates, such Litigation Materials from a computer must, within the same 90 day period, certify to the producing party that all such materials have been so eliminated.  Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, provided that counsel continues to treat all Litigation Materials in the manner provided in this Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER

24)     Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.  The Court will not enter a protective order that extends beyond the commencement of trial.

25)     By this Order, the parties are not agreeing that these provisions are necessarily adequate to protect the confidentiality of all Litigation Materials. Nothing in this Order shall prevent any party from seeking additional protection from the Court for any particular Litigation Material, as the party deems appropriate.

SO STIPULATED by Plaintiff.


DATED:  June 23, 2008                             By */s/ Timothy L. Joens*
                                                                    Timothy L. Joens


SO STIPULATED by Defendant.


DATED:  June 24, 2008                             By: */s/ John H. L'Estrange, Jr.*
                                                                    John H. L'Estrange, Jr.


IT IS SO ORDERED.


DATED:  July_3, 2008                       ARTHUR NAKAZATO
                                                       U.S. Magistrate Judge of the U.S. District Court

17
[PROPOSED] STIPULATED PROTECTIVE ORDER

1

WRIGHT & L'ESTRANGE

2

JOHN H. L'ESTRANGE, JR. SBN 049594

jlestrange@wllawsd.com

3

401 West A Street, Suite 2250
San Diego, CA  92101-8103

4

Phone (619) 231-4844
Fax (619) 231-6710

5

6

KELLEY DRYE & WARREN LLP
JOHN M. CALLAGY (Admitted *pro hac vice*)

jcallagy@kelleydrye.com

7

101 Park Ave
New York, NY  10178

8

Phone (212) 808-7800
Fax (212) 808-7897

9

. . . .

10

. . . .

11

THOMAS E. GILBERTSEN (Admitted *pro hac vice*)
TGilbertsen@Kelleydrye.com

12

DONNA L. WILSON SBN 186984
dwilson@kelleydrye.com

13

JOHN W. MCGUINNESS (Admitted *pro hac vice*)
JMcGuinness@KelleyDrye.com

14

3050 K Street, N.W., Suite 400
Washington, D.C.  20007

15

Phone (202) 342-8400
Fax (202) 342-8451

16

17

Attorneys for Defendant,
POLO RALPH LAUREN CORPORATION

18

19

20

21

22

23

24

25

26

27

28

18

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## DECLARATION AND AGREEMENT CONCERNING HIGHLY CONFIDENTIAL MATERIAL COVERED BY PROTECTIVE ORDER

I hereby acknowledge and agree that:

1.      I have read the attached Stipulation and Confidentiality Order entered in the United States District Court for the Central District of California in the action *Shabaz v. Polo Ralph Lauren Co.*, No. SACV 07-1349-AG-ANx.  I understand the terms thereof; I agree to comply with and be bound by those terms; and I consent to the jurisdiction of the Court for enforcement of that Order.  I understand that a violation of this undertaking could be punishable as a contempt of court.

2.      If I become employed by, or begin consulting with or providing any other type of assistance to any competitor of Polo Ralph Lauren Corporation (the "Defendant") at any time between now and two years after the conclusion of this litigation, including any appeals therefrom, I will immediately do the following:  (a) identify myself to the Defendant or its respective counsel; (b) reveal to the Defendant or its respective counsel the nature of the new employment and the entity involved; (c) reveal to the Defendant or its respective counsel what "Highly Confidential" material I have in my possession and what "Highly Confidential" material I have reviewed in the past; (d) return to the Defendant or its respective counsel all copies of any "Highly Confidential" material that has been provided to me or certify in writing that all such material has been destroyed; and (e) return to the Defendant or its respective counsel any notes or other information derived from such material, or certify in writing that all such material has been destroyed.  I also agree not to divulge any of the information contained in the "Highly Confidential" material to any competitor of the Defendant, and not to use such information in any work I might accomplish for any such competitor.  Nothing herein shall be construed as preventing any declarant from employment by any competitor.

[PROPOSED] STIPULATED PROTECTIVE ORDER

3.      Under penalty of perjury under the laws of the State of California I attest to and agree to the above.

DATED: _____, 2008                    By_____
                                                        (Signature)

                                          _____
                                                        (Print Name)

[PROPOSED] STIPULATED PROTECTIVE ORDER

## **EXHIBIT B**

### **AGREEMENT CONCERNING MATERIAL COVERED BY PROTECTIVE ORDER**

I hereby acknowledge that:  I have read the attached Stipulation and Confidentiality Order entered in the United States District Court for the Central District of California in the action *Shabaz v. Polo Ralph Lauren Co.*, No. SACV 07-1349-AG-ANx.  I understand the terms thereof; I agree to comply with and be bound by those terms; and I consent to the jurisdiction of the Court for enforcement of that Order.  I understand that a violation of this undertaking could be punishable as a contempt of court.

DATED: _____, 2008                By_____
                                                                 (Signature)

                                                     _____
                                                                (Print Name)

1

[PROPOSED] STIPULATED PROTECTIVE ORDER