# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into by and between plaintiffs David Shabaz ("Shabaz") and Brian Korn ("Korn") (collectively, "Plaintiffs"), individually and on behalf of all members of a certain class hereinafter defined, subject to approval by the Court, and Defendant Polo Ralph Lauren Corporation ("Polo" or "Defendant") (collectively with Plaintiffs, the "Parties").

### RECITALS

#### The *Shabaz* Action

**A.**      On October 11, 2007, Shabaz filed a Complaint in the Superior Court of the State of California, County of Orange, styled *Shabaz v. Polo Ralph Lauren Corp., et al.*, Case No. 07CC01387 (the "*Shabaz* Action"). Shabaz alleged that Defendant violated the Song-Beverly Credit Card Act, codified as California Civil Code § 1747.08, by requesting and/or requiring customers using a credit card to provide certain personal identification information. Shabaz sought redress on his own behalf and on behalf of other similarly situated consumers in California as a class action.

**B.**      On November 15, 2007, Polo removed the action to the United States District Court for the Central District of California under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b).

**C.**      On November 19, 2007, Shabaz filed a First Amended Complaint ("FAC"), styled *Shabaz v. Polo Ralph Lauren Corp., et al.*, Case No. SACV07-1349 (ANx).

**D.**      On or about August 25, 2008, Shabaz's cause of action for injunctive relief was dismissed, and all allegations in the FAC of conduct unlawful under California Civil Code § 1747.08 occurring outside of the one-year statute of limitations were stricken, as was the jury demand.

**E.**      On or about September 9, 2008, Defendant filed its Answer to the FAC. The Answer generally and specifically denied the FAC's allegations and raised numerous affirmative defenses thereto.

#### The *Korn* Action

**F.**      On November 2, 2007, Korn filed a Complaint (the "Complaint") in the Superior Court of the State of California, County of Solano, styled *Korn v. Polo Ralph Lauren Corp., et al.*, Case No. FCS030461 (the "*Korn* Action," and together with the *Shabaz* Action, the "Actions"). Korn alleged that Defendant violated California Civil Code § 1747.08, by requesting customers using a credit card to provide their name and address during the course of their purchasing or seeking refunds for Polo merchandise. Korn sought redress on his own behalf and on behalf of other similarly situated consumers in California as a class action.

65

**G.** On December 19, 2007, Polo removed the action to the United States District Court for the Eastern District of California under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b).

**H.** On or about May 28, 2008, Korn's cause of action for alleged violation of California Civil Code § 1747.08(a)(3) was dismissed, and his request for injunctive relief was stricken.

**I.** On or about June 11, 2008, Polo filed its Answer to the Complaint. The Answer generally and specifically denied the Complaint's allegations and raised numerous affirmative defenses thereto.

**The Settlement**

**J.** The Parties agreed to coordinate the Actions for mediation purposes only.

**K.** On September 9, 2008, October 14, 2008, and December 16, 2008, the Parties participated in mediations before the Honorable Gary L. Taylor (Ret.), an experienced mediator with JAMS. With the assistance of Judge Taylor, a potential settlement of the Actions was explored in detail. Subsequently, the Parties reached an agreement as set forth herein.

**L.** Polo disputes and denies any liability with respect to the allegations made or that could have been made in these Actions. Polo further denies that, other than for settlement purposes, these Actions are appropriate for certification as a class action.

**M.** The Parties have engaged in formal and informal discovery, voluntarily exchanged information and documents, conducted investigation, and undertaken legal and factual analyses of the claims and defenses asserted in these Actions.

**N.** The Parties have agreed to settle, compromise and dismiss with prejudice the FAC and Complaint in the *Shabaz* and *Korn* Actions, respectively, and all claims thereunder of the Class Members (as defined below) without costs to any party (except as provided herein) on the terms and conditions set forth in this Agreement. This Agreement is subject to, and expressly conditioned upon, the approval of the Court.

**O.** Class Counsel (as defined below) has determined that the Agreement is fair, reasonable, adequate, and in the best interests of Plaintiff Shabaz in the *Shabaz* Action, Plaintiff Korn in the *Korn* Action and the Settlement Class (as defined below).

**P.** Notwithstanding its view that Plaintiffs' claims in the respective Actions are without merit, Polo desires to settle these Actions because a settlement will avoid the risk, expense and distraction of continued litigation.

**Q.** The Parties expressly understand and agree that this Agreement is the compromise of disputed claims and is not and shall not in any way be construed as an admission by Polo of any liability or wrongdoing arising out of or in connection with any claims made, or

2

that could have been made, in these Actions. Polo expressly denies any such liability or wrongdoing.

    **R.**    It is the mutual desire of the Parties that all claims that Plaintiffs have made or could have made against Polo in these Actions, including those claims made on behalf of the class(es) alleged in these Actions, be and hereby are fully and finally settled, compromised, resolved and terminated upon the terms and conditions set forth below.

**1.**    **DEFINITIONS.** Unless otherwise indicated above, the following shall be defined terms for purposes of this Agreement. Some of the definitions in this Section use terms that are defined later in the Section. All defined terms are capitalized and listed in alphabetical order:

    **1.1**    As used herein, the term *"Agreement"* means this Settlement Agreement and Release, including all exhibits hereto.

    **1.2**    As used herein, the term *"Claim"* means a claim made by a Direct E-mail Class Member or Non-Identifiable Class Member for a Credit Certificate under this Agreement.

    **1.3**    As used herein, the term *"Claimant"* means any Direct E-mail Class Member or Non-Identifiable Class Member who submits a Claim for a Credit Certificate.

    **1.4**    As used herein, the term *"Claim Form"* refers to the Claim Form, attached hereto as Exhibit A.

    **1.5**    As used herein, the term *"Claims Administrator"* means or refers to Class Action Administration, Inc., through whom Polo may act to effectuate the Settlement.

    **1.6**    As used herein, the term *"Claims Deadline"* means or refers to the date that is the first weekday date that is at least 60 days after the later of: (1) the date of the e-mailing of the Class Notice described in Section 2.2(b), *infra*; or (2) the date of publication described in Section 2.2(c), *infra*.

    **1.7**    As used herein, the term *"Class"* or *"Class Members"* means all members of the Settlement Class described in Section 2.1, *infra*.

    **1.8**    As used herein, the term *"Credit Certificate"* means a certificate that shall provide a $20 credit applied to a merchandise purchase at any Polo retail store (i) in California for Class Members residing in California and (ii) anywhere in the United States for Class Members residing outside of California, subject to the terms and conditions stated thereon. The Credit Certificate may only be used by Settlement Class Members for in-store purchases of merchandise, whether said merchandise is full priced, on sale, and/or otherwise discounted, and is limited to one per transaction and one per Settlement Class Member. The Credit Certificates are non-transferable, have a six (6) month expiration, are not redeemable for cash or gift cards, and do not have a minimum purchase requirement for their use.

    **1.9**    As used herein, the term *"Direct E-Mail Class Members"* means Class Members for whom Polo currently does not maintain a mailing address but maintains solely an e-mail

address in its databases and who joined the Polo Registry from October 11, 2006, to January 31, 2009.

**1.10**   As used herein, the term *"Direct Mail Class Members"* means Class Members for whom Polo currently maintains a mailing address in its databases and who joined the Polo Registry from October 11, 2006, to January 31, 2009.

**1.11**   As used herein, the term *"Fairness Hearing"* means the hearing at or after which the Court will make a final decision whether to approve this Agreement as fair, reasonable and adequate.

**1.12**   As used herein, the term *"Final Judicial Approval"* means: (a) that the Court has entered an Order (i) giving final approval to the Settlement, (ii) certifying the Settlement Class, (iii) finding that the Settlement is fair, just, adequate and reasonable and in the best interests of the Settlement Class, and (iv) dismissing the Actions with prejudice as to Polo, but reserving jurisdiction for the enforcement and interpretation of this Agreement and, to the extent necessary, the administration of Claims from the Settlement Class; and (b) that said Order has either become final and non-appealable without an appeal or has been affirmed on appeal. The Order shall be deemed final and non-appealable upon the later of (i) entry of the Final Order if the same occurs without any objection by any party or Class Member, (ii) expiration of the time for filing an appeal if no notice of appeal is filed, (iii) the conclusion of any appeal taken if there are any objections filed by a Class Member; or (vi) the withdrawal of the last objection to the Settlement.

**1.13**   As used herein, the term *"Final Order"* means the order finally certifying the Class for settlement purposes only and approving the Settlement and this Agreement.

**1.14**   As used herein, the term *"Full Class Notice"* means the full legal notice of the terms of the proposed settlement, as approved by the Court, to be provided to Class Members pursuant to Section 2.2 of this Agreement. The Full Class Notice shall be in the form attached as Exhibit B hereto, or at Polo's election in an alternative form containing substantially equivalent information provided such form is approved by the Court.

**1.15**   As used herein, the term *"Non-Identifiable Class Members"* means Class Members from whom Polo obtained and recorded a telephone number, address, and/or e-mail address from October 11, 2006, to January 31, 2009, and for whom Polo does not maintain a valid mailing or an e-mail address in its databases.

**1.16**   As used herein, the terms *"Notice" and "Summary Notice"* mean the Full Class Notice (in the form attached as Exhibit B) and the Summary Class Notice thereof (in the form attached hereto as Exhibit C, or at Polo's election in an alternative form containing substantially equivalent information provided such form is approved by the Court), respectively.

**1.17**   As used herein, the term *"Plaintiffs' Counsel"* or *"Class Counsel"* means collectively the law firms of Lindsay & Stonebarger APC; Harrison Patterson & O'Connor LLP; Del Tondo & Thomas; Kirk & Toberty, LLP; and Timothy L. Joens and Associates.

4

**1.18**    As used herein, the term *"Preliminary Approval Order"* means the order approving this Agreement, certifying the Settlement Class, approving and directing notice, and setting the Fairness Hearing.

**1.19**    As used herein, the term *"Settlement"* means the settlement of these Actions and related claims effectuated by this Agreement.

**1.20**    As used herein, the term *"Settlement Class Member"* means those persons who are Class Members and who have not properly and timely opted out of the Settlement.

**1.21**    As used herein, the term *"Summary Class Notice"* means the summary of the full legal notice of the terms of the proposed settlement set forth in this Agreement to be provided to Class Members pursuant to Section 2.2 of this Agreement. The Summary Class Notice shall be in the form attached as Exhibit C hereto, or at Polo's election in an alternative form containing substantially equivalent information provided such form is approved by the Court.

**2.**    STIPULATED SETTLEMENT CLASS AND CLASS NOTICE

**2.1**    **Class Certification.** The Parties, solely for the purpose of settling these Actions and obtaining the releases provided herein, hereby stipulate to the certification of the Settlement Class, defined as follows:

> Any and all persons who, from October 11, 2006 through January 31, 2009, (i) purchased merchandise from Polo's stores in the State of California, (ii) used a credit card to make the purchase(s), and (iii) whose telephone number and/or address (mail or e-mail) was requested and recorded by Polo.

This stipulation is entered for the purpose of settlement only. It is expressly recognized and agreed that this stipulation as to the certification of a Settlement Class shall be of no force and effect and has no evidentiary significance in the event this Agreement is not approved by the Court or if Polo elects to withdraw from the Settlement pursuant to Section 5.2, *infra*. By entering into this Agreement, Polo does not waive its rights to challenge or contest the maintenance of any lawsuit against it as a class action and to oppose certification of any class other than the Settlement Class in connection with the settlement memorialized in this Agreement.

The Parties further stipulate that Plaintiffs shall represent the Settlement Class for settlement purposes and that Plaintiffs' Counsel shall be appointed as counsel for the Settlement Class.

**2.2**    **Class Notice.** Following entry of the Preliminary Approval Order, notice of this Settlement will be given to members of the Settlement Class by Polo or the Claims Administrator. The Parties agree that, under the circumstances, the best practicable means of giving notice of the Settlement is by the following methods:

(a)    Direct Mail to all Direct Mail Class Members. Subject to Court approval, Polo and/or the Claims Administrator will provide the Direct Mail Class Members with Summary Class Notice (including a Credit Certificate) of the proposed settlement by direct mail. The Class Notice shall refer to a website on which the Class Members may view and download

the Full Class Notice. The Summary Class Notice will be mailed to Direct Mail Class Members by first class U.S. Mail no later than sixty (60) days after entry of the Preliminary Approval Order. The Direct Mail Class Members will consist of the valid mailable addresses based on Polo's current databases and after the running of a National Change of Address inquiry. Within 60 days of receipt of any undeliverable mailings, all such mail shall be returned to the Claims Administrator, and the Credit Certificates relating thereto shall be deemed null and void.

(b)     <u>Direct E-mail to all Direct E-mail Class Members</u>. Subject to Court approval, Polo and/or the Claims Administrator shall send an e-mail to each Direct E-mail Class Member containing an Internet link dedicated to this Settlement displaying the Full Class Notice and a printable Claim Form in PDF or other electronic form. This e-mail to Direct E-mail Class Members shall be sent no later than sixty (60) days after entry of the Preliminary Approval Order.

(c)     <u>Publication</u>. Polo and/or the Claims Administrator shall also have published a Summary Class Notice one time in a Friday edition of the USA Today (Northern and Southern California editions) to be not less than ¼ of a page in size. Such Summary Class Notice shall be published no later than sixty (60) days after entry of the Preliminary Approval Order.

(d)     <u>Internet Notice</u>. The Claims Administrator shall create an Internet link on its website dedicated to this Settlement displaying the Full Class Notice and a printable Claim Form in PDF or other electronic form. The website shall be posted on an active basis beginning no later than sixty (60) days after the Preliminary Approval Order is entered and shall remain active until the Claims Deadline.

(e)     <u>Store Posting</u>. Polo shall post in all of its Factory Outlet stores in California a summary of the Settlement in a place that is reasonably visible to consumers for a period of 30 days. The notice shall be in the form attached as Exhibit C hereto and shall be posted beginning no later than sixty (60) days after the Preliminary Approval Order is entered.

**2.3     Application For Final Approval.** Following entry of the Preliminary Approval Order, Class Counsel shall apply for final approval of the Settlement at the date and time set by the Court. The Parties shall reasonably cooperate in the preparation of said motion(s), proposed order(s), proposed judgment, and any other court papers necessary to achieve the finality of the Settlement.

**2.4     Costs For Notice And Administering Claims.** Polo agrees to bear all reasonable costs (not to exceed $500,000.00) for providing notice to the Settlement Class in accordance with the provisions set forth herein and for administering Claims in accordance with the provisions set forth herein upon approval of the Settlement by the Court.

**2.5     Proof of Notice.** No later than seven (7) days prior to the Fairness Hearing, Polo and/or the Claims Administrator will file with the Court a declaration confirming that the Class Notice has been provided in accordance with Section 2.2 of this Agreement.

**3.   SETTLEMENT TERMS**

**3.1   No Admission Of Liability.** It is expressly agreed that Polo has entered into this Agreement solely for the purpose of compromise and without admission or concession of liability of any kind. It is further expressly agreed and understood that no payment or obligation undertaken by Polo pursuant to this Agreement is to be construed as a penalty, fine, damages, punitive damages, or other form of assessment for any alleged offense. Polo expressly denies any liability in regard to any of the claims asserted in these Actions and is entering into this Settlement solely to avoid the expense and uncertainty associated with pretrial and trial proceedings. This Agreement reflects the compromise and settlement of disputed claims among the Parties. Its constituent provisions, and any and all drafts, communications and discussions relating thereto, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, without limitation to, matters respecting class certification) by any person, including Polo, and shall not be offered or received in evidence or requested in discovery in these Actions or any other action or proceeding as evidence of an admission or concession.

**3.2   Terms.** Subject to Final Judicial Approval of the Settlement by the Court, the Parties agree to settle and compromise their respective claims in the Actions upon the following terms and conditions:

(a)   Compliance With California Civil Code § 1747.08.   Polo has made certain enhancements and modifications to its current policies to further ensure compliance with Civil Code section 1747.08. Polo reserves the right to modify its policies or practices to comply with applicable law or to adapt to changes in technology or business practices.

(b)   Award To The Settlement Class.

(i)   All Direct Mail Class Members shall be sent a Summary Class Notice via first class mail pursuant to Section 2.2(a), *supra*. The Summary Class Notice shall, subject to Final Judicial Approval, include a Credit Certificate for all Direct Mail Class Members who do not opt out of the Settlement. Each Direct Mail Class Member shall be entitled to receive only one Credit Certificate regardless of the number of transactions entered into by such Direct Mail Class Member during the period covered by the Settlement. The Credit Certificates are subject to the terms and conditions stated thereon.

(ii)   All Direct E-Mail Class Members shall receive an e-mail pursuant to Section 2.2(b), *supra*, containing an Internet link dedicated to this Settlement displaying the Full Class Notice and a printable Claim Form in PDF or other electronic form which can be used to receive the Credit Certificate. Each Direct E-Mail Class Member who does not opt out of the Settlement shall be entitled to receive only one Credit Certificate regardless of the number of transactions entered into by such Direct E-Mail Class Member during the period covered by the Settlement. The Credit Certificates are subject to the terms and conditions stated thereon.

(iii)   All Non-Identifiable Class Members who do not opt out of the Settlement shall receive Class Notice pursuant to Section 2.2(c), (d), and (e) *supra*, and may

7

make a Claim for one Credit Certificate, and shall certify in the Claim Form that the Claim is made under penalty of perjury.

        (c)    <u>Right To Be Removed From Database</u>.  Each Class Member shall have the option and ability to remove his or her personal information from the customer databases maintained by Polo.  Any Class Member who wishes to have his or her personal information removed from Polo's customer databases must deliver a request for removal to the Claims Administrator, no later than the Claims Deadline.  Such a request shall contain the following information:  the individual's full name, current mailing address, phone number, signature, and the statement:  "I want my personal information removed from Polo's customer databases."  Those who request removal of their information from these databases will be informed that the removal process will take up to three (3) months following the close of the Claims Deadline.  Those Class Members who do not request that their personal information be removed from the customer databases pursuant to this Section shall remain in the customer databases, unless and until the Class Members subsequently request that Polo remove their personal information from the databases.

        (d)    <u>Incentive Award To Plaintiffs</u>.  Plaintiff Shabaz and Plaintiff Korn, as the Class representatives, will each receive a cash payment of $7,500.00.  Polo agrees to tender payment thereof to Shabaz's counsel for Plaintiff Shabaz and Korn's counsel for Plaintiff Korn within fourteen (14) days of Final Judicial Approval of the Settlement.

        (e)    <u>Attorneys' Fees</u>:  Counsel for the Parties met and conferred and agree that, based upon the results achieved for the benefit of California consumers, weighed against the risk involved to Plaintiffs in further litigation of these Actions, awards of $475,000 to Plaintiff Shabaz's counsel in the *Shabaz* Action and $475,000 to Plaintiff Korn's counsel in the *Korn* Action represent a fair and commensurate amount in view of the nature of the Actions.  No amount other than the $475,000 to Shabaz's counsel in the *Shabaz* Action and $475,000 to Plaintiff Korn's counsel in the *Korn* Action shall be due or owing by Polo to Class Counsel (or any of them).  Shabaz's counsel and Korn's counsel shall be solely and legally responsible to pay any and all applicable taxes on the payments made pursuant to this Section and agree to indemnify and hold harmless Polo from any claim or liability for taxes, penalties or interest for which Shabaz's counsel and Korn's counsel are responsible as a result of the payments or any allocation of the payments made pursuant to this Section between and/or among Class Counsel.  Payment shall be made by means of one check made payable to the Client Trust Account of Timothy L. Joens & Associates as to the $475,000 paid to counsel in the *Shabaz* Action and by one check made payable to Lindsay & Stonebarger as to the $475,000 to be paid to counsel in the *Korn* Action.  Under no circumstances will Polo be obligated to pay more than $475,000 to Plaintiff Shabaz's counsel in the *Shabaz* Action and $475,000 to Plaintiff Korn's counsel in the *Korn* Action in attorneys' fees.  Polo agrees to tender payment to Class Counsel of the reasonable attorney's fees approved by the Court as provided herein, not to exceed an amount of $475,000 to Plaintiff Shabaz's counsel in the *Shabaz* Action and $475,000 to Plaintiff Korn's counsel in the *Korn* Action, within fourteen (14) days of Final Judicial Approval of the Settlement.

**4.    SETTLEMENT ADMINISTRATION AND CLAIMS PROCESSING**

**4.1    Plaintiffs' Obligations.**  At Plaintiffs' expense, promptly upon execution of this Agreement, however not until at least 14 business days after Polo files for Court approval of the form of notice of proposed settlement that Polo is to serve on appropriate Federal and State officials pursuant to 28 U.S.C. § 1715(b) (pursuant to Section 4.2, *infra*), Class Counsel shall move the Court for an order preliminarily approving this Agreement, certifying the Settlement Class, approving and directing notice of the proposed settlement be provided to the members of the Settlement Class in the manner provided for herein, and setting a date and time for a hearing on final approval of the settlement.  The Parties agree to provide reasonable accommodations in the event the Court does not approve said form of notice of proposed settlement to appropriate Federal and State officials within 14 business days of said filing.  Polo shall reasonably cooperate in the preparation of said motion(s), proposed order(s), and any other court papers necessary to achieve preliminary approval of the settlement.

**4.2    Polo's Obligations.**  Within 7 business days of execution of this Agreement, Polo shall seek ex parte Court approval of the form of notice of proposed settlement that Polo is to serve on appropriate Federal and State officials pursuant to 28 U.S.C. § 1715(b).  Further, to effectuate the terms of this Settlement, Polo shall be responsible for complying with the notice obligations of this Agreement set forth in Section 2.2, as well as the distribution of Credit Certificates to Class Members and other obligations of the Agreement set forth in Section 3.2 should Final Judicial Approval of the Settlement occur.  Polo will provide payment for the independent Claims Administrator (not to exceed $500,000.00) to oversee the Claim processing aspects of the Settlement, as set forth in Section 4.3, *infra.*

**4.3    Claim Form.**  To be entitled to receive a Credit Certificate under this Agreement, Direct E-mail Class Members and Non-Identifiable Class Members must accurately complete and sign the Claim Form and deliver that form to the Claims Administrator by the Claims Deadline.  The date of delivery is deemed to be, as applicable:  (1) the date the form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; (2) the date the form is deposited with an overnight letter carrier guaranteeing delivery within two business days; or (3) the date of actual delivery of the form to the Claims Administrator.  Any Direct E-mail Class Member or Non-Identifiable Class Member who fails to submit a valid and timely Claim Form shall receive no benefits under the Settlement, but shall otherwise still be bound by the Settlement.  The Claim Form may contain a statement that the Claim is made under penalty of perjury.

**4.4    Distribution Of Credit Certificates To The Settlement Class.**

(a)    The Credit Certificate shall be included as part of the Summary Class Notice sent via first class mail to Direct Mail Class Members.  However, no Credit Certificate shall be valid until the Court grants Final Judicial Approval of the Settlement.

(b)    Within twenty-one (21) days after Final Judicial Approval of the Settlement, Polo and/or the Claims Administrator shall mail one Credit Certificate to each Direct E-mail Class Member or Non-Identifiable Class Member (who returned a completed and timely Claim Form and whom Polo and/or the Claims Administrator have determined has demonstrated

9

his or her eligibility for membership in the Settlement Class), who has not opted out of the Settlement. Within 60 days of receipt of any undeliverable mailings, all such mail shall be returned to the Claims Administrator, and the Credit Certificates relating thereto shall be deemed null and void.

**4.5** **Disputed Claims.** Polo shall have the right to review (for completeness, validity, accuracy and timeliness) and approve Claims as they see fit based upon the completed Claim Forms. The Claims Administrator, upon notice to Class Counsel and Polo counsel, shall have the right to contact any Claimant to request additional information for purposes of determining the validity of the Claim and to withhold payment pending any such determination.

(a) In the event of any dispute over the timeliness or validity of any Claim submitted under Section 4.3, the Parties shall meet and confer in good faith for the purpose of resolving the dispute and, if the dispute cannot be resolved, shall submit the dispute to the Court for resolution.

**4.6** **Objections.** Any member of the Settlement Class who has not validly and timely elected to be excluded from the Class and who wishes to object to the Settlement must file a written objection with the Court, and serve copies on Class Counsel and Polo's counsel, no later than thirty (30) days prior to the Final Hearing. Any such objection must include: (1) the Settlement Class Member's complete name together with telephone number, residence address, and such other information as may be necessary to permit Polo and Class Counsel to verify said objector is a valid Class Member shall be provided to counsel for Polo and to Class Counsel, although said information shall be redacted from the objection being filed with the Court pursuant to Local Rule 79-5.4 of the United States District Court for the Central District of California; (2) a statement that the Settlement Class Member falls within the definition of the Class; (3) the express statement "I object to the Settlement in *Shabaz v. Polo Ralph Lauren Corp., et al., Korn v. Polo Ralph Lauren Corp., et al.*;" and (4) a statement setting forth, in clear and concise terms, the legal and factual arguments supporting the objection. Any Settlement Class Member who fails to make objections in the manner specified herein shall not be entitled to speak at the Fairness Hearing and shall be foreclosed from making any objection, whether by appeal or otherwise, to the Agreement.

**4.7** **Exclusion From The Class.** The Class Notice shall permit any Class Member to elect not to be part of the Class and not to be bound by this Agreement, provided that the affected person delivers a request for exclusion from the Settlement to the Claims Administrator no later than thirty (30) days prior to the Fairness Hearing. Such a request shall contain the following information: the individual's full name, current mailing address, phone number, signature, and the statement: "I want to be excluded from the plaintiff settlement class in *Shabaz v. Polo Ralph Lauren Corp., et al., Korn v. Polo Ralph Lauren Corp., et al.*" Any Settlement Class Member who timely and validly requests exclusion: (a) shall not have any further rights under the Settlement Agreement; (b) shall not be entitled to receive any benefit provided herein; and (c) shall not be bound by the Settlement Agreement or the Final Judicial Approval Order. Members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and Final Judicial Approval Order, regardless of whether they otherwise have requested exclusion from the Settlement.

(a) No later than seven (7) court days prior to the Fairness Hearing, Polo shall prepare a list of the persons who have excluded themselves from the Class in a valid and timely manner, and shall deliver that list to the Court, with service on Class Counsel.

## 5. CONDITIONS OF AND WITHDRAWAL FROM THE SETTLEMENT

**5.1 Conditions Of Settlement.** This Settlement is expressly conditioned upon (a) the Court entering an Order giving the Settlement final approval as fair, reasonable and in the best interests of the Class, and dismissing both the *Shabaz* Action and *Korn* Action with prejudice as to the named Plaintiffs – Shabaz and Korn, respectively – and all Settlement Class Members; and (b) said Order becoming final as defined in Section 1.12, *supra*. Plaintiffs shall be responsible for promptly and timely preparing and filing all necessary motions and papers to obtain such an order.

**5.2 Withdrawal From Settlement.** It is expressly recognized by the Parties that this Settlement does not provide any value to Polo if substantially all Settlement Class Members are not effectively bound. Accordingly, notwithstanding anything else in this Agreement, if more than five hundred (500) of the Class Members request exclusion, then Polo may, in its sole discretion, at any time prior to the Fairness Hearing and upon notice to Class Counsel, withdraw from and terminate this Agreement. In the event Polo elects to terminate this Agreement under this provision, the Parties and the Actions will be returned to the status quo ante.

## 6. ENTRY OF JUDGMENT ON ACTION AND RELEASES

**6.1 Approval Of This Agreement.** As soon as practicable after execution of this Agreement, counsel for all Parties will jointly take all necessary and appropriate steps to secure the Court's approval of this Agreement.

**6.2 Final Order.** At or before the Fairness Hearing, Class Counsel shall move for the Final Order.

**6.3 Effect of Agreement If Settlement Is Not Approved.** This Agreement was entered into only for the purpose of settlement. In the event that the Court does not approve the Settlement, or the Final Order is not entered for any reason, then this Agreement shall be deemed null and void ab initio and the Parties and the Actions will be returned to the status quo ante.

**6.4 Entry of Judgment On The Actions.** The Court's Final Order granting approval of this Agreement shall be in the form of a final judgment, while retaining jurisdiction for the interpretation and enforcement of this Agreement.

**6.5 Plaintiffs' Release Of Defendant.** In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Settlement becoming final, Polo, and each of its former, present and future joint venturers, partnerships, parents, wholly or partially owned and direct or indirect subsidiaries, divisions, predecessors, successors, affiliates, related entities, assigns, partners, heirs, executors, administrators, representatives, shareholders, officers, directors, managing or other agents, employees, accountants, auditors, consultants, insurers and reinsurers, and attorneys will be released and forever discharged by all Class Members from all manner of claims, demands, controversies, actions, suits, causes of action, whether class,

11

individual or otherwise in nature, including costs, expenses, penalties and attorneys' fees, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, asserted or unasserted, in law or equity, that any Settlement Class Member who has not timely excluded himself or herself from these Actions (including any of their past, present or future agents, legal representatives, trustees, estates, heirs, executors and administrators), and whether or not they object to the Settlement, ever had or now has arising out of (i) the facts alleged in the FAC and Complaint in the *Shabaz* and *Korn* Actions, respectively, (ii) any violation or alleged violation by Polo of California Civil Code § 1747.08 occurring prior to the date the Court preliminarily approves this Agreement, and/or (iii) any violation or alleged violation of any other statute, including but not limited to California Business & Professions Code § 17200 *et seq.*, predicated on (i) or (ii). Each Class Member (including his or her past, present or future agents, legal representatives, trustees, parents, estates, heirs, executors and administrators) is hereby barred from hereafter asserting any claim, demand, controversy, action, suit or cause of action, whether class or individual, against Polo based, in whole or in part, upon any released claim. Plaintiffs individually, and for themselves alone, further release any claims of any nature they may have or have had against the released parties described in this paragraph for conduct occurring before the date the Court preliminarily approves this Agreement.

(a)     Plaintiffs and each Settlement Class Member expressly waive and relinquish any and all rights and benefits that may be granted to them (whether collectively or individually) pursuant to California Civil Code § 1542 (and all other like provisions of law) and acknowledge that said Section provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing this release, which if known by him must have materially affected his settlement with the debtor.

Plaintiffs and each Settlement Class Member fully understand that the facts upon which this Agreement is executed may be found hereafter to be other than or different from the facts now believed by Plaintiffs, the Settlement Class Members, and Class Counsel to be true and expressly accept and assume the risk of such possible differences in facts and agree that the Agreement shall remain effective notwithstanding any such difference in facts. The Full Class Notice shall expressly advise Settlement Class Members of this waiver.

**6.6     Defendant's Release Of Plaintiffs and Class Counsel.** Effective upon this Settlement becoming final, Polo, and their employees, officers, and directors hereby release Plaintiff Shabaz, Plaintiff Korn, and Class Counsel from any claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion, or resolution of these Actions, including, but not limited to, claims for attorneys' fees, costs of suit, or sanctions of any kind.

**7.     ADDITIONAL PROVISIONS**

**7.1     Real Parties In Interest.** In executing this Agreement, the Parties warrant and represent that they are the only persons, other than Class Members, who have any interest in any of the claims that are described or referred to herein, or in any of the pleadings, records, and

papers in these Actions, and, except as provided herein, neither said claims nor any part thereof have been assigned, granted or transferred by the Parties in any way to any other person, firm or entity.

**7.2    Agreement Constitutes Entire Agreement.** This Agreement constitutes the entire agreement of the Parties with respect to the settlement of the Action and it supersedes all other agreements and understandings.

**7.3    Voluntary Agreement.** This Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or any other person, firm or entity.

**7.4    Parties Represented By Counsel.** The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Agreement by independent counsel of their own choosing, that they have read this Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and its legal effect.

**7.5    Binding On Successors.** When approved by the Court, this Agreement shall be binding upon and inure to the benefit of the respective parties thereto, including Settlement Class Members, their respective former, present and future joint ventures, partnerships, parent and subsidiary and affiliate corporations, agents, employees, stockholders, directors, predecessors, successors, assigns, heirs, executors, administrators and representatives or any other persons or entities acting on their behalf or in active concert or participation with them, and each of them.

**7.6    Authorization.** Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final general release and discharge.

**7.7    Construction And Interpretation.** Neither any Party nor any of the Parties' respective attorneys shall be deemed the drafter of this Agreement for purposes of interpreting any provisions hereof in any judicial or other proceeding that may arise between or among them.

**7.8    No Publicity of Settlement.** Except with respect to the notice provisions provided for herein, Plaintiffs, their agents, representatives, and attorneys agree that they will not issue any press releases or otherwise initiate publicizing of the Settlement to the media.

**7.9    Plaintiffs Shall Not Request Exclusion From Settlement.** Plaintiffs agree not to request to be excluded from the Settlement Class and agree not to object to any of the terms of this Agreement. Non-compliance by Plaintiffs with this Section shall be void and of no force or effect. Any such request for exclusion or objection shall therefore be void and of no force or effect.

**7.10    Headings.** The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Agreement.

13

77

**7.11    Exhibits.** The exhibits to this Agreement are integral parts of the Agreement and Settlement and are hereby incorporated and made a part of this Agreement.

**7.12    Modification And Amendments.** No amendment, change or modification of this Agreement or any part thereof shall be valid unless in writing signed by the Parties.

**7.13    Governing Law.** All terms of this Agreement and the exhibits hereto will be governed by and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of law principles.

**7.14    Continuing Jurisdiction.** The Parties stipulate and agree that the *Shabaz* Action and the *Korn* Action shall be coordinated for settlement purposes in the United States District Court for the Central District of California before the Honorable Andrew Guilford and that all motions pertaining to settlement and settlement approval shall be heard therein. Polo and each Class Member irrevocably submit to and agree not to contest the exclusive jurisdiction of said Court and agree that said Court is a proper venue and convenient forum, for purposes of any suit, action, proceeding or dispute arising out of or relating to this Agreement and/or the exhibits hereto. In the event the provisions of this Agreement are asserted by Polo as a defense, in whole or in part, to any claim or cause of action or otherwise raised as an objection in any suit, action or proceeding by a Settlement Class Member, it is hereby agreed that Polo will be entitled to a stay of that suit, action or proceeding until said Court has entered a final judgment no longer subject to any appeal or review determining any issues relating to the defense or objection based on such provisions.

**7.15    Further Assurances.** The Parties agree to execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered, such further instruments and documents as may be necessary to effectuate this Agreement, provided however, this provision shall not be construed to require Polo to cooperate with Plaintiffs or their counsel in the prosecution of these Actions in any way.

**7.16    Attorneys' Fees.** To the extent not otherwise set forth herein, each party to this Agreement shall bear his, her or its own attorneys' fees and costs.

**7.17    Execution Date.** This Agreement shall be deemed executed upon the last date of execution by all of the undersigned counsel.

**7.18    Counterparts.** This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

14

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so AGREED.

DATED: 3/25/09

_____
BRIAN KORN

DATED: _____

_____
DAVID SHABAZ

DATED: _____

POLO RALPH LAUREN CORP.

_____
By: _____
Title: _____

Approved as to form:

DATED: 3/27/09

James M. Lindsay, State Bar No. 164758
Gene J. Stonebarger, State Bar No. 209461
LINDSAY & STONEBARGER, APC
620 Coolidge Drive, Suite 225
Folsom, CA 95630
Phone: (916) 294-0002 / Fax: (916) 294-0012

By: _____

James R. Patterson, State Bar No. 211102
Harry W. Harrison, State Bar No. 211141
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Phone: (619) 756-6990 / Fax: (619) 756-6991

By: _____

Attorneys for Plaintiff BRIAN KORN

15

26 09 05:29p        Cindy Shabaz                          6167860417                    p.1

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so AGREED.

DATED: _____

BRIAN KORN

DATED: 03·26·2009

DAVID SHABAZ

DATED: _____                    POLO RALPH LAUREN CORP.

By: _____
Title: _____

Approved as to form:

DATED: _____

James M. Lindsay, State Bar No. 164758
Gene J. Stonebarger, State Bar No. 209461
LINDSAY & STONEBARGER, APC
620 Coolidge Drive, Suite 225
Folsom, CA 95630
Phone: (916) 294-0002 / Fax: (916) 294-0012

By: _____

James R. Patterson, State Bar No. 211102
Harry W. Harrison, State Bar No. 211141
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Phone: (619) 756-6990 / Fax: (619) 756-6991

By: _____

Attorneys for Plaintiff BRIAN KORN

15

80

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so AGREED.

DATED: _____          _____
                                         BRIAN KORN


DATED: _____          _____
                                         DAVID SHABAZ


DATED: _____          POLO RALPH LAUREN CORP.

                           _Tracey Travis_____
                           By: _Tracey Travis_____
                           Title: _CFO_____


Approved as to form:

DATED: _____          James M. Lindsay, State Bar No. 164758
                           Gene J. Stonebarger, State Bar No. 209461
                           LINDSAY & STONEBARGER, APC
                           620 Coolidge Drive, Suite 225
                           Folsom, CA 95630
                           Phone: (916) 294-0002 / Fax: (916) 294-0012

                           By: _____


                           James R. Patterson, State Bar No. 211102
                           Harry W. Harrison, State Bar No. 211141
                           HARRISON PATTERSON & O'CONNOR LLP
                           402 West Broadway, 29th Floor
                           San Diego, CA 92101
                           Phone: (619) 756-6990 / Fax: (619) 756-6991

                           By: _____


                           Attorneys for Plaintiff BRIAN KORN


15

81

DATED: *3-26-09*

DEL TONDO & THOMAS
Attorneys at Law
BRYAN M. THOMAS, ESQ. - STATE BAR #143737
2201 Dupont Drive, Suite 820
Irvine, CA 92612
Tel: (949) 851-0558 ◆ Fax: (949) 266-9621

By: _____


KIRK & TOBERTY, LLP
Attorneys at Law
J. DOUGLAS KIRK, ESQ. - STATE BAR #125808
2201 Dupont Drive, Suite 820
Irvine, California 92612
Tel: (949) 851-0355 ◆ Fax: (949) 851-1250

By: _____


TIMOTHY L. JOENS AND ASSOCIATES
A Professional Corporation
TIMOTHY L. JOENS, ESQ. - STATE BAR #090532
2201 Dupont Drive, Suite 820
Irvine, California 92612
Tel: (949) 851-0866 ◆ Fax: (949) 851-1250

By: _____
       Timothy L. Joens, Esq.

Attorneys for Plaintiff DAVID SHABAZ

16

82

DATED: _3-31-09_

WRIGHT & L'ESTRANGE
JOHN H. L'ESTRANGE, JR. (Bar No. 049594)
401 West A Street, Suite 2250
San Diego, CA 92101-8103
Phone (619) 231-4844
Fax (619) 231-6710

By: _John H. L'Estrange Jr._

KELLEY DRYE & WARREN LLP
JOHN M. CALLAGY (Admitted *pro hac vice*)
101 Park Ave
New York, NY 10178
Phone (212) 808-7800
Fax (212) 808-7897

THOMAS E. GILBERTSEN (Admitted *pro hac vice*)
DONNA L. WILSON (Bar No. 186984)
JOHN W. MCGUINNESS (Admitted *pro hac vice*)
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
Phone (202) 342-8400
Fax (202) 342-8451

By: _M Callagy_

Attorneys for Defendant
POLO RALPH LAUREN CORPORATION

17

83

EXHIBIT A

## CLAIM FORM

*Shabaz v. Polo Ralph Lauren Corporation*
United States District Court for the Central District of California, Case No. SACV 07-1349 AG (ANx)

*Korn v. Polo Ralph Lauren Corporation*
United States District Court for the Eastern District of California, Case No. 07-CV-2745 FCD JFM

**THIS FORM MUST BE COMPLETED AND DELIVERED TO THE CLAIMS ADMINISTRATOR AT THE FOLLOWING ADDRESS ON OR BEFORE [DATE]:**

**PRL Settlement Administrator**
c/o Class Action Administration
P.O. Box 6847
Broomfield, CO 80021

This form will be deemed delivered, as applicable, as of:  (1) the date the form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; (2) the date the form is deposited with an overnight letter carrier guaranteeing delivery within two business days; or (3) the date of actual delivery of the form to the Claims Administrator.

**I.  PERSONAL INFORMATION.**

_____

Name (first, middle, and last)

_____

Mailing Address

_____

City                              State            Zip Code

( _____ ) _____

Phone Number (including area code)

**II.  PURCHASE INFORMATION.**

1.   On or about _____ (date), I purchased merchandise from a Polo Ralph Lauren Corporation store at _____ (city), California.

2.   I paid for the merchandise with a third-party credit card.

3.   At the time I purchased the merchandise, I was asked by the register clerk for my mailing address, e-mail address and/or telephone number.

Polo Ralph Lauren Corporation ("Polo") reserves the right to verify the accuracy of your claim.  Please retain any receipts and documents in your possession that support your claim.  Proof of purchase may be required.

**III.  RELEASE OF CLAIMS.**

If you are a Class Member and do not affirmatively opt out of the proposed settlement, your rights with respect to the claims alleged in the underlying Actions will be forever discharged once the settlement is approved by the Court.  Further information regarding the release of claims against Polo, including the full release provided by the proposed settlement, and Class Members' rights to opt out of the proposed settlement, can be found in the Notice of Proposed Class Action Settlement and Settlement Hearing on the website www.ShabazKornSettlement.com.

By signing below, I state to the best of my knowledge and under penalty of perjury that the information provided herein is true and correct.

Dated: _____          (Signature) _____

**If you provide incomplete, incorrect, or inaccurate information, your claim may be denied.  The information you provide above will be used for processing of your claim and will not be used or released for any other purpose.**

If you have any questions, additional information can be found and inquiries can be made through the websites www.ShabazKornSettlement.com and www.classactionresolution.com.

84

EXHIBIT B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING

TO:    **ALL PERSONS WHO** from October 11, 2006 through January 31, 2009 (i) purchased merchandise from Polo Ralph Lauren Corporation's stores in the State of California, (ii) used a credit card to make the purchase(s), and (iii) whose telephone number and/or address (mail or e-mail) was requested and recorded by Polo (**"Class Members"**).

### IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR RIGHTS.

### PURPOSE OF THIS NOTICE

This notice informs you about two pending class action lawsuits, one entitled *David Shabaz, individually and on behalf of all others similar situated v. Polo Ralph Lauren Corporation,* Case Number SACV 07-1349 AG (ANx), in the United States District Court for the Central District of California (having been removed from the Superior Court of the State of California for the County of Orange, Case Number 07CC01387), and the other entitled *Brian Korn, individually and on behalf of all others similar situated v. Polo Ralph Lauren Corporation,* Case Number 07-CV-2745 FCD JFM, in the United States District Court for the Eastern District of California (having been removed from the Superior Court of the State of California for the County of Solano, Case Number FCS030461) (the *"Actions"*), and a proposed settlement on behalf of a certain class of persons. This notice advises you of the benefits that may be available to you under the proposed settlement and your rights and options as a Class Member, and notifies you that a hearing will be held to approve the settlement.

### WHAT THE ACTION IS ABOUT

Plaintiffs Shabaz and Korn (together, the "Plaintiffs") filed separate class action lawsuits against Polo Ralph Lauren Corporation (hereinafter referred to as "Polo") on behalf of themselves and all Class Members. The class action lawsuits allege that Polo requested and recorded its customers' personal information (addresses, email addresses, and telephone numbers) as part of transactions involving the purchase of merchandise when the customer used a credit card to make part or all of the payment therefor. The lawsuits further allege that this practice took place at Polo's California stores and violated a California law.

Polo denies each and every one of the allegations of unlawful conduct, any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability. Polo further denies that any Class Member is entitled to any relief, and, other than for settlement purposes, that these Actions are appropriate for certification as class actions.

Notwithstanding Polo's view that Plaintiffs' claims are without merit, the parties have concluded that it is in their best interests to settle the Actions on the terms generally set forth herein in order to avoid the risk, expense, and distraction of continued litigation. This Notice of Proposed Class Action Settlement and Settlement Hearing ("Full Class Notice") is qualified in its entirety by the proposed Settlement Agreement on file with the Court. The settlement was reached through

85

lengthy arms-length negotiations between the parties and with the assistance of a neutral mediator, the Honorable Judge Gary L. Taylor (Ret.).

The Honorable Andrew Guilford, United States District Court Judge, has determined that the Actions should proceed as class actions, for purposes of settlement only, with Plaintiffs as the representatives of the Class, and has granted preliminary approval of the settlement, subject to a final fairness hearing discussed below.

## THE PROPOSED SETTLEMENT

THE PARTIES HAVE AGREED TO THE SETTLEMENT GENERALLY DESCRIBED BELOW:

Polo has agreed to compensate Class Members, who do not opt out of the settlement, with a credit certificate, subject to the terms and conditions stated thereon, that shall provide a $20 credit applied to a merchandise purchase at any Polo retail store (i) in California for Class Members residing in California and (ii) anywhere in the United States for Class Members residing outside of California (the "Credit Certificate"). The Credit Certificate may only be used by Class Members for in-store purchases of merchandise, whether said merchandise is full priced, on sale, and/or otherwise discounted, and is limited to one per transaction and one per Class Member. The Credit Certificates are non-transferable, have a six (6) month expiration, are not redeemable for cash or gift cards, and do not have a minimum purchase requirement for their use.

A Summary Class Notice (including a Credit Certificate) has been distributed by mail to all Class Members as to whom Polo has a valid, mailable address based on Polo's current databases and after the running of a National Change of Address inquiry. The Summary Class Notice serves as the Credit Certificate for those Class Members and will become valid upon the Court granting final approval of the settlement.

As to those for whom Polo does not have a current, valid mailing address, those persons must complete, sign and timely deliver by [DATE] a claim form to the Claims Administrator providing sufficient information to permit Polo to verify that they are proper Class Members. Those persons will then receive a Credit Certificate by mail within 21 days following the Court's granting of final approval to this settlement.

The Parties agreed that, subject to the Court's final approval, as the class representatives, named Plaintiffs David Shabaz and Brian Korn ("Class Representatives") will each receive a cash payment of $7,500. The Parties also agreed that, subject to the Court's final approval, Plaintiff Shabaz's counsel in the *Shabaz* Action shall be entitled to an award of attorneys' fees and costs of up to $475,000 and Plaintiff Korn's counsel in the *Korn* Action shall be entitled to an award of attorneys' fees and costs of up to $475,000. The payment of the incentive fees and attorneys' fees will not affect the benefits provided to the Class Members.

EXHIBIT B

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

If the settlement is granted final approval, the Court will enter a judgment of dismissal with prejudice of the Actions on the merits as to all Class Members. Upon this settlement becoming final, Polo, and each of its former, present and future joint venturers, partnerships, parents, wholly or partially owned and direct or indirect subsidiaries, divisions, predecessors, successors, affiliates, related entities, assigns, partners, heirs, executors, administrators, representatives, shareholders, officers, directors, managing or other agents, employees, accountants, auditors, consultants, insurers and reinsurers, and attorneys will be released and forever discharged by all Class Members from all manner of claims, demands, controversies, actions, suits, causes of action, whether class, individual or otherwise in nature, including costs, expenses, penalties and attorneys' fees, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, asserted or unasserted, in law or equity, that any Class Member who has not timely excluded himself or herself from these Actions (including any of their past, present or future agents, legal representatives, trustees, estates, heirs, executors and administrators), and whether or not they object to the Settlement, ever had or now has arising out of (i) the facts alleged in the First Amended Complaint and Complaint in the *Shabaz* and *Korn* Actions, respectively, (ii) any violation or alleged violation by Polo of California Civil Code § 1747.08 occurring prior to the date the Court preliminarily approves this Agreement, and/or (iii) any violation or alleged violation of any other statute, including but not limited to California Business & Professions Code § 17200 *et seq.*, predicated on (i) or (ii). Each Class Member (including his or her past, present or future agents, legal representatives, trustees, parents, estates, heirs, executors and administrators) is hereby barred from hereafter asserting any claim, demand, controversy, action, suit or cause of action, whether class or individual, against Polo based, in whole or in part, upon any released claim. Plaintiffs individually, and for themselves alone, further release any claims of any nature they may have or have had against the released parties described in this paragraph for conduct occurring before the date the Court preliminarily approves the Settlement Agreement.

Further, Plaintiffs and each Class Member expressly waive and relinquish any and all rights and benefits that may be granted to them (whether collectively or individually) pursuant to California Civil Code § 1542 (and all other like provisions of law) and acknowledge that said Section provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing this release, which if known by him must have materially affected his settlement with the debtor.

Plaintiffs and each Class Member fully understand that the facts upon which the Settlement Agreement has been executed may be found to be other than or different from the facts now believed by Plaintiffs, the Class Members, and Class Counsel to be true and expressly accept and assume the risk of such possible differences in facts and agree that the Settlement Agreement shall remain effective notwithstanding any such difference in facts.

87

## FINAL FAIRNESS HEARING

On [DATE] at [TIME], a final hearing will be held on the fairness, reasonableness and adequacy of the proposed settlement, and to determine whether the proposed settlement should be finally approved. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. The hearing will take place before the Honorable Andrew Guilford in Courtroom 10D of the United States District Court for the Central District of California, located at 411 W. Fourth Street, Santa Ana, CA 92701. **You are not required to attend the hearing in order to participate in the settlement.**

## WHAT YOU CAN DO

1.     **To Receive A Credit Certificate.** If you received a class action notice in these cases, which was addressed to you, Polo has a valid, mailable address for you in its current customer databases. The notice you received in the mail serves as your Credit Certificate. (It will be activated and made negotiable so that you can use it upon the Court granting final approval to the settlement.) If you are a Class Member and did not receive a class action notice in these cases by mail, Polo may not have a valid, current mailing address for you. However, you are still entitled to all of the benefits under the proposed settlement. To obtain a Credit Certificate, you must complete a Claim Form and deliver that form no later than [DATE] to the Claims Administrator at the following address:

**PRL Claims Administrator**
c/o Class Action Administration
P.O. Box 6847
Broomfield, CO 80021

If you do not submit a complete, accurate and timely Claim Form, you shall receive no benefits under the settlement, but you shall otherwise be bound thereby. The date of delivery is deemed to be, as applicable: (1) the date the form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; (2) the date the form is deposited with an overnight letter carrier guaranteeing delivery within two business days; or (3) the date of actual delivery of the form to the Claims Administrator. You can find a Claim Form and additional information about the proposed settlement at either of the following websites: www.ShabazKornSettlement.com; www.classactionresolution.com. You also may request a Claim Form from the Claims Administrator at the address above. If you request a form in writing, please make sure to include your name and address with your request. To make email inquiries of Class Counsel, you can go to the website www.classactionresolution.com.

2.     **To Exclude Yourself From The Settlement.** If you are a Class Member, you have the right to exclude yourself from the settlement Class and the settlement. If you wish to be excluded, you must deliver a request for exclusion from the settlement to the Claims Administrator at the above address no later than [DATE]. Such a request shall contain the following information: your full name, current mailing address, phone number, signature, and the statement: "I want to be excluded from the settlement class in *Shabaz v. Polo Ralph Lauren Corp., et al., Korn v. Polo Ralph Lauren Corp., et al.*" **TO BE CONSIDERED VALID, A**

**REQUEST FOR EXCLUSION MUST BE SIGNED BY YOU PERSONALLY, MUST SET FORTH ALL OF THIS INFORMATION AND MUST BE TIMELY RECEIVED.** If you timely and validly request exclusion you shall not have any further rights under the Settlement Agreement, you will not be entitled to receive any benefit provided therein, and you will not be precluded from otherwise prosecuting any individual claim, if timely, against Polo based on the conduct complained of in these Actions. If you do not wish to exclude yourself, and have no objection to the settlement, you will get the benefits of the settlement if it is approved.

3.     **To Object To The Settlement.** If for some reason you wish to object to the terms of the settlement, you may do so under the procedures set forth below. If your objection is rejected you will be bound by the final judgment just as if you had not objected.

If you decide to object, you must file a written objection with the Court, and serve such objection upon Class Counsel and Polo's Counsel at the addresses set forth below, no later than [DATE]. To be considered a valid objection, the objection must include your complete name together with your telephone number, residence address (address and telephone number may be redacted in the copy of the objection filed with the Court), and such other information as may be necessary to permit Polo and Class Counsel to verify that you are a valid Class Member. Further, any written objection must include a statement that you fall within the definition of the Class, the express statement "I object to the settlement in *Shabaz v. Polo Ralph Lauren Corp., et al., Korn v. Polo Ralph Lauren Corp., et al.*," and a statement setting forth, in clear and concise terms, the legal and factual arguments supporting the objection. If you wish to appear at the final approval hearing, your written objection must also state that fact.

|  |  |
|---|---|
| **CLASS COUNSEL** | **POLO'S COUNSEL** |
| Timothy L. Joens, Esq. | John M. Callagy, Esq. |
| Timothy L. Joens & Associates | Kelley Drye & Warren LLP |
| 2201 Dupont Drive, Suite 820 | 101 Park Avenue |
| Irvine, CA 92612 | New York, NY 10178 |

Gene J. Stonebarger, Esq.
Lindsay & Stonebarger
620 Coolidge Drive, Suite 225
Folsom, CA 95630

To be considered, the objection papers must be received by the Court and delivered or postmarked to Class Counsel and Polo's Counsel no later than [DATE]. **Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and will not be entitled to be heard at the settlement approval hearing.** You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your personal attorneys' fees and costs.

4.     **Disputed Claims.** Polo shall have the right to review (for completeness, validity, accuracy and timeliness) and approve Claims as it sees fit based upon the completed Claim Forms. The Claims Administrator, upon notice to Class Counsel and Polo Counsel, shall have

5

the right to contact you to request additional information for purposes of determining the validity of the Claim and to withhold payment pending any such determination.

**5.     To Have Personal Information Removed From Polo's Records.**  If you wish, you may request that your personal information (address, telephone, and/or e-mail address) be removed from Polo's customer databases by delivering a request for removal to the Claims Administrator by [DATE].  Such a request must contain the following information:  your full name, current mailing address, phone number, signature, and the statement:  "I want my personal information removed from Polo's customer databases."  The removal process will take up to 3 months following the close of the Claims Deadline.  If you do not request that your personal information be removed from the customer databases, it will remain therein, unless and until you subsequently request that Polo remove your personal information from the databases.

## ADDITIONAL INFORMATION

This description of the Actions is general and does not cover all of the issues and proceedings thus far.  In order to see the complete file including the individual terms of the settlement, you should visit the office of the Clerk of the Court, United States District Court for the Central District of California, located at the 411 W. Fourth Street, Santa Ana, CA  92701, and/or the Clerk of the Court, United States District Court for the Eastern District of California, located at 501 I Street, Suite 4-200, Sacramento, CA 95814.  The Clerk will inform you as to how to obtain the file relating to this lawsuit for inspection and copying at your own expense.

## DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE ACTION TO THE CLERK OF THE COURT, TO THE JUDGE, OR TO COUNSEL FOR POLO

Dated: _____, 2009

By:     Order of the United States District Court
        for the Central District of California
        Honorable Andrew Guilford
        United States District Court Judge

EXHIBIT C

PRL Claims Administrator
Class Action Administration, Inc.
PO Box 6847
Broomfield, CO 80021-0015

Presorted First Class Mail
US Postage Paid
Westminster, CO ● Permit ___

## $20.00 CREDIT CERTIFICATE

### YOUR UNIQUE CERTIFICATE ID IS SK00000000 [BAR CODE]

**KEEP THIS CARD**.  Upon the Court's final approval of the settlement explained on the reverse side of this card, this Credit Certificate will become available for use and will entitle you to a $20 credit applied to an in-store merchandise purchase at any Polo Ralph Lauren Corporation retail store (i) in California for Class Members residing in California and (ii) anywhere in the United States for Class Members residing outside of California.  This Credit Certificate may be used for all merchandise; is limited to one Credit Certificate per transaction and one per Class Member; is non-transferable; will expire 6 months after final approval of the settlement; is not redeemable for cash or gift cards; and does not have a minimum purchase requirement.  Information on the settlement status and effective dates of this Certificate is available at www.ShabazKornSettlement.com and www.classactionresolution.com.

*THIS NOTICE AFFECTS YOUR RIGHTS.  PLEASE READ IT CAREFULLY.*

[Class Member Address]

91

**EXHIBIT C**

**SUMMARY NOTICE;** Notice is hereby given that the proposed settlement of the two class actions listed below has been preliminarily approved by the Court. In those actions, Plaintiffs contend that Polo Ralph Lauren Corporation ("Polo") requested and recorded its customers' personal information (addresses and telephone numbers) as part of the purchase of merchandise when paid in whole or in part by means of a credit card, and that this practice took place at Polo's California stores in violation of a California law. Polo denies each allegation of unlawful conduct, any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.

The settlement provides for a $20 Credit Certificate valid at any Polo store (i) in California for Class Members residing in California and (ii) anywhere in the United States for Class Members residing outside of California. Additional information about the settlement and the full text of the Notice of Proposed Class Settlement and Settlement Hearing ("Notice"), which explains the settlement terms, restrictions, and how to submit a claim, can be obtained and downloaded at www.ShabazKornSettlement.com and www.classactionresolution.com.

**IF YOU DO NOT WISH TO BE PART OF THIS SETTLEMENT,** you may exclude yourself by delivering a request to PRL Claims Administrator, c/o Class Action Administration, P.O. Box 6847, Broomfield, CO 80021, no later than [DATE]. The request must contain your full name, current mailing address, phone number, signature, and the statement: "I want to be excluded from the settlement class in *Shabaz v. Polo Ralph Lauren Corp., et al., Korn v. Polo Ralph Lauren Corp., et al.*" A hearing will be conducted on whether to finally approve the settlement on [DATE] at [TIME] in Courtroom 10D of the U.S. District Court, Central District of California, located at 411 W. Fourth Street, Santa Ana, CA 92701. You can object to the settlement prior to that hearing by following the procedure set forth in the Notice.

*Shabaz v. Polo Ralph Lauren Corp.;* Central District Court of California, Case No. SACV 07-1349 AG (ANx)
*Korn v. Polo Ralph Lauren Corp.;* Eastern District Court of California, Case No. 07-CV-2745 FCD JFM