Gary Sibley
2414 North Akard Street
Suite 650
Dallas, Texas 75201
214-522-5222
Fax 214-855-7878
Email: g@juris.cc

Representing himself



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV  6 2009

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DAVID SHABAZ, individually; on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> POLO RALPH LAUREN CORPORATION, a Delaware corporation dba DELAWARE POLO & RALPH LAUREN CORPORATION; and DOES 1 through 500 inclusive <br><br> Defendants. | Case No.: <br> SA CV 07-1349 AG (ANx) <br><br> **GARY SIBLEY'S OBJECTION TO CLASS CERTIFICATION, OBJECTION TO PROPOSED SETTLEMENT, OBJECTION TO ATTORNEYS' FEES REQUEST, NOTICE OF INTENTION TO APPEAR, AND REQUEST TO SPEAK AT THE HEARING** <br><br> Date:  December 7, 2009 <br> Time:  10:00 a.m. <br> Dept.:  10D |

To The Honorable District Judge:

Comes Gary Sibley ("Objector"), and files these Objections to the Proposed Settlement, Objection to Class Certification, Objection to Attorneys' Fees, Notice of Intent to Appear and Request to Speak at the Hearing, and would show as follows:

**1.  Objector is a class member**

By his signature below, Objector declares under penalty of perjury under the laws of the United States of America and California that the following statements are true and correct:

(a) I am a member of the class.

(b) On at least one day during the period from October 11, 2006 through January 31, 2009, I purchased merchandise from Polo's stores in the State of California, used

1

a credit card to make the purchase, and Polo requested my telephone number and/or address (mail or e-mail).

(c) The parties sent me a notice of the class settlement, with a Credit Certificate Code 2724.

(d) I object to the Settlement in *Shabaz v. Polo Ralph Lauren Corp., et al.* and *Korn v. Polo Ralph Lauren Corp., et al.*

End of statement.

## 2.   Notice of Intention to Appear and Request to Speak at the Hearing

Objector intends to appear at the hearing.  Objector requests that he be allowed to appear at the final approval hearing to talk about these objections and to otherwise participate in the final approval hearing.

## 3.   Objection to Certification

The definition of the class is not adequate and does not comply with due process or Rule 23.  Rule 23 and due process require that the class definition be precise, objective and presently ascertainable.  MANUAL FOR COMPLEX LITIGATION 4th, p. 270.  To determine if an individual is a class member, a court must be able to do so by reference to the class definition and without inquiry into any sort of fact-finding.

The class definition is improper for the reasons set out below.  Because the class definition here (1) does not provide a precise, objective and presently ascertainable way to identify class members and (2) requires a "mini trial" to determine whether a particular person is in the class, the class definition is not appropriate and the Court should not certify the class.

The class here is defined as:

> Any and all persons who, from October 11, 2006 through January 31, 2009, (i) purchased merchandise from Polo's stores in the State of California, (ii) used a credit card to make the purchase(s), and (iii) whose telephone number and/or address (mail or e-mail) *was requested* and recorded *by Polo*.

Settlement Agreement p. 5, § 2.1 (emphasis added).  There is no way to tell from Defendant's records whose telephone number and/or address (mail or e-mail) was *requested* by Polo.  Thus the determination of who is in the class requires a mini trial of the proposed class member, the Polo employee, and any witnesses to the transaction to determine whether Polo requested the information.  Thus, class determination is not presently ascertainable.

Cases under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, bear out the problem with the class definition here.  The two seminal TCPA cases on the class

definition are *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) and *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162 (S.D. Ind. 1997). *Forman* held:

> Here, defining the purported class as "all residents and businesses who have received *unsolicited facsimile advertisements*" requires addressing the central issue of liability to be decided in the case. Determining a membership in the class would essentially require a mini-hearing on the merits of each case.

*Id.* at 403 (emphasis by the court). As the court emphasized, it was the inclusion of the factual finding requirement in the definition as to whether the fax was unsolicited that made the definition improper. In this case that same problem arises because the court would need to determine whether the information was solicited – "requested" – by Polo. Similarly, the *Kenro* court held:

> Because Kenro's class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or given permission for transmission of the challenged fax advertisements, Kenro has failed to meet the requirements of Rule 23(a).

*Kenro,* 962 F.Supp. at 1169. The same problem exists here: for any individual, the Court would be required to conduct an individual factual inquiry to determine whether Polo requested the information.

The fact that this is a settlement class does not provide for a lesser standard for the class definition. Whether the class is a litigation or settlement class, the definition must be precise, objective and presently ascertainable to comply with due process in giving fair notice to potential class members as to whether they are covered by the judgment. Settlement may eliminate problems with manageability, but it does not eliminate the due process requirement for providing a valid definition of the class.

Because the class definition is deficient, the court should not certify the settlement class nor approve the settlement.

**4. Objections to the Settlement**

This is a coupon settlement, and a bad one at that. The coupons, referred to as "credit certificates" to make them sound better somehow, are not transferable, expire after six months, and are good only for in-store purchases. This is exactly the type of settlement to which Congress referred when it passed the Class Action Fairness Act of 2005:

> Congress finds the following: ... Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where-- counsel are awarded large fees, while leaving class members with coupons ... .

Class Action Fairness Act of 2005, Pub.L. 109-2, Feb. 18, 2005, 119 Stat. 4.  That is exactly the proposed settlement here:  class members get coupons, class counsel gets $950,000 in fees, and the class representatives get an extraordinary $7,500 each for their role.

The settlement is not fair, reasonable, or adequate, and Objector objects to the proposed settlement, for the following reasons.

First, there is no rationale for requiring class members to go into the store to use the coupons, other than to advance Polo's marketing strategy to get customers into their store in the hope of selling them more merchandise.  Defendant has an online store, www.ralphlauren.com.  It is unfair and unreasonable to prohibit class members from redeeming their coupons online.

Second, there is no reasonable rationale for the expiration of the coupons.  The waiver class members provide to Defendant does not expire, so neither should the consideration class members receive expire.  Given the time value of money, the value of the certificate goes down the longer the class member holds it, so Defendant would not be harmed.  Since class members are permanently losing their rights, they should be allowed to use the certificate when they are ready to make a purchase and not within the artificial time limits set by the settling parties.

Third, the structure of the settlement is essentially a sales promotion that benefits Defendant at the expense of class members' rights.  To the extent class members do not use the certificates, Defendant benefits because it avoids liability on the waived claims.  To the extent class members use the certificates, Defendant benefits from the extra sales – and perhaps even more sales once class members go into the store and are now fair game for Defendant's sales personnel.  Thus, the settlement is structured to benefit Defendant, as well as Class Counsel, at the expense of class members who lose their rights against Defendant.

Fourth, the fact that the coupons are not transferable further shows the intent is to benefit Defendant's sales, rather than benefit class members.  It is not reasonable for a coupon settlement to prohibit transfers of the coupons.

Fifth, the proposed incentive awards to the class representatives are unreasonably high and create a conflict for their adequate representation of the class.  They are more inclined to leave class members with mere coupons if they obtain a hefty payoff, and they recover even more under the settlement than they would ever be entitled to under the statute.  Incentive awards must not give special treatment to named Plaintiffs; they are intended solely to compensate them for the time and risk they incur in bringing a lawsuit on behalf of the class.  Here there is no showing that the proposed incentive awards are even close to a reasonable compensation for the time and risk the Plaintiffs incurred.

Sixth, the amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable.  The amount of the proposed attorneys'

fees is an integral element in determining whether the settlement is fair, reasonable, and adequate:

> The court's settlement review should include provisions for the payment of Class Counsel. In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class claims and attorney fees. Although there is no bar to such arrangements, the simultaneous negotiation of class relief and attorney fees creates a potential conflict … The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation.

MANUAL FOR COMPLEX LITIGATION 4th § 21.7, p. 335.   The requested amounts are excessive here and show that his is exactly the type of settlement congress criticized, where class counsel get huge fees and the class gets coupons.

Eighth, the parties should have provided for the distribution of a portion of the value of unclaimed coupons to one or more charitable or governmental organizations.   28 U.S.C.A. § 1712 (e).

## 5.   Objections to the Fee Petition

Objector objects to the request for fees to Class Counsel.  Objector reserves the right to file objections to the fee petition at a later date.

However, objector expressly objects to an award of attorneys fees that exceeds 1/3 of the value to class members of the coupons that are redeemed:

> If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed.

28 U.S.C.A. § 1712 (a).  Thus, as a matter of law, attorneys' fees here may not exceed a reasonable percentage, which objector contends is 33 1/3%, of the value of the coupons actually redeemed.

Wherefore, Objector prays that the Court deny the proposed settlement, deny certification of the settlement class, deny the requested fees to Class Counsel and grant Objector such other and further relief as to which Objector may be entitled.

Gary Sibley
2414 North Akard Street
Suite 650

1    Dallas, Texas 75201
2    214-522-5222
      Fax 214-855-7878
3    Email:  g@juris.cc

4    Dated:  November 4, 2009.

1

**Certificate of Service**

2

I hereby certify that a copy of the above and foregoing document has been served upon

3

the following by Federal Express delivery on November 5, 2009:

4

Clerk of the Court

5

United States District Court
411 West Fourth Street, Room 1053

6

Santa Ana, CA 92701-4516

7

Timothy Jones

8

Timothy Jones and Associates
2201 Dupont Drive Suite 820

9

Irvine, CA 92612

10

Gene Stonebarger

11

LINDSAY & STONEBARGER
620 Coolidge Drive, Suite 225

12

Folsom, CA 95630

13

John Callagy

14

Kelley Dryer & Warren LLP
101 Park Ave.

15

New York NY 10178

16

17

Gary Sibley

18

19

20

21

22

23

24

25

26

27

28

7