JS-6

O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DAVID SHABAZ, individually; on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>POLO RALPH LAUREN CORPORATION, a Delaware corporation dba DELAWARE POLO RALPH LAUREN CORPORATION; and DOES 1 through 500 inclusive,<br><br>　　　　　　　　Defendants. | CASE NO. SA CV 07-1349 AG (ANx)<br><br>**CLASS ACTION**<br><br>Coordinated with:<br>*Korn v. Polo Ralph Lauren Corporation*<br>Case No. CV 09-4926-AG(ANx)<br><br>**FINAL ORDER AND JUDGMENT**<br><br>Date:　December 7, 2009<br>Time:　10:00a.m.<br>Dept.:　10-D<br><br>Complaint Filed:　October 11, 2007<br>Trial Date:　　　None |

This matter having come before the Court for hearing pursuant to the Court's July 17, 2009 Order Granting Preliminary Approval of Proposed Class Settlement and the Court's August 17, 2009 Order Continuing Final Fairness Hearing, for the approval of the Settlement as set forth in the parties' Settlement Agreement, and due and adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having considered the papers filed and proceedings had herein and otherwise being fully informed, and good cause appearing, it is now:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court hereby grants final approval of the settlement.

2. All terms used herein shall have the same meaning as defined in the Settlement Agreement.

3. For purposes of this Final Order and Judgment, and consistent with the Settlement Agreement, the Settlement Class shall consist of all Class Members who did not timely and validly exclude themselves from the Class. The Class consists of and shall be defined as follows: "Any and all persons who, from October 11, 2006 through January 31, 2009, (i) purchased merchandise from Polo's stores in the State of California, (ii) used a credit card to make the purchase(s), and (iii) whose telephone number and/or address (mail or e-mail) was requested and recorded by Polo."

4. This Court has jurisdiction over the subject matter of both the *Shabaz* Action and the *Korn* Action and over all parties to both Actions, including all members of the Class.

5. Notice to the Class has been completed in conformity with the Preliminary Approval Order, including the direct mailing or e-mailing of notice to all Identifiable Class Members, publication in the California Friday Edition of the USA Today, posting a summary notice in all of the Polo Factory Outlet stores in California for a period of 30 days and posting on the Claims Administrator's

website for a period of sixty (60) days.  The Class Notices provided due and adequate notice of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the Class Notices fully satisfied the requirements of due process.

6. This Court hereby approves the Settlement set forth in the Settlement Agreement, including the settlement awards, released claims, and other terms contained therein, and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the parties and directs the parties to effectuate the Settlement according to its terms.   The Court finds that the Settlement Class is properly certified as a class as part of this settlement, as separate lawsuits by Settlement Class Members would create a risk of imposing incompatible standards of conduct on Defendant through inconsistent adjudications, and because Defendant has acted on grounds generally applicable to the Settlement Class, so that relief with respect to the Settlement Class as a whole is appropriate.

7. As of the Final Approval date, each and every Released Claim of each and every eligible Class Member who did not timely and validly exclude himself or herself from the Class is and shall be deemed to be conclusively released as against Defendant.  All such eligible Class members as of the Final Approval date are hereby forever barred and enjoined from prosecuting the Released Claims against Defendant.

8. In accordance with the terms of the Settlement Agreement, an incentive award of $7,500 to be paid to each of the named Plaintiffs is appropriate in recognition of the risk to Plaintiffs as the Class representatives in commencing the Actions, both financial and otherwise; the amount of time and effort spent by Plaintiffs as the Class representatives; and for serving the interests of the Class. The incentive awards shall be paid in accordance with section 3.2(d) of the Settlement Agreement.

1      9.    In accordance with the terms of the Settlement Agreement, the reasonable and appropriate fees and costs to which Class Counsel is hereby held entitled shall be $950,000 ($475,000 to Counsel in the *Shabaz* case and $475,000 to Counsel in the *Korn* case). This fee and costs award is a fair and reasonable amount to compensate Plaintiff, the Class, and their counsel, Lindsay & Stonebarger, APC, Harrison, Patterson & O'Connor LLP, Timothy L. Joens and Associates, APC, Del Tondo & Thomas, and Kirk & Toberty, LLP, for their attorneys' fees and costs expended. The Court finds that the time devoted to the matter by Class Counsel was reasonably necessary in the investigation and prosecution of this action, and their hourly rates set forth in Class Counsel's Declarations in Support of Final Approval of Class Action Settlement are within the range of those charged by attorneys of like experience and skill in this locality and field of law. Fees and costs shall be paid in accordance with section 3.2(e) of the Settlement Agreement.

10.    The Action is hereby concluded, provided however, and without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over (1) interpretation, implementation, and enforcement of the Settlement; and (2) enforcement and administration of the Settlement Agreement, pursuant to the Parties' request.

**IT IS SO ORDERED.**

DATED: December 07, 2009

    THE HONORABLE ANDREW J. GUILFORD
    UNITED STATES DISTRICT JUDGE